IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMUS, INC. : | CIVIL ACTION |
| : | NO. 10-1654 |
| v. : | |
| : | |
| DAVIS-GIOVINAZZO CONSTRUCTION : | |
| CO., INC., et al. : | |

O'NEILL, J.                                                 AUGUST 19, 2010

MEMORANDUM

Plaintiff Domus, Inc. filed an amended complaint on April 16, 2010 asserting three claims: Count I, a statutory interpleader action filed pursuant to 28 U.S.C. § 1335; Count II, a declaratory judgment action; and Count III, an action to confirm the arbitration award. On July 16, 2010, during oral arguments on Domus's motion for preliminary injunction, defendant Susquehanna Bank argued this Court lacks subject-matter jurisdiction to hear the action.[1] On July 23, 2010, I granted plaintiff leave to amend its complaint to allege properly the citizenship of each defendant.[2] Plaintiff filed its second amended complaint on August 4, 2010. It avers this

---

[1] I construe Susquehanna Bank's argument at oral argument as a motion to dismiss the case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Although plaintiff subsequently filed a second amended complaint, I will nevertheless address Susquehanna Bank's motion for two reasons. First, because I have "an independent obligation to satisfy [myself] of jurisdiction if it is in doubt." See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) (noting that jurisdictional concerns can be raised by the Court sua sponte). Second, because the jurisdictional concerns raised by Susquehanna Bank with respect to the amended complaint apply with equal force to the second amended complaint. I alerted the parties to my intention to rule on this issue in my Order dated July 23, 2010.

[2] With respect to the diversity requirement, the first amended complaint did not allege the citizenship of any defendant, but instead contained addresses for each of the sixteen claimants. A natural person must be more than a "mere" resident in a state for diversity purposes. See Sun Printing & Pub., Ass'n. v. Edwards, 194 U.S. 377 (1904); Krasnov v. Dinan, 456 F.2d 1298 (3d Cir. 1972). He must be "domiciled" in that state, Reynolds v. Adden, 136

Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1335(a) and supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367.[3] For the following reasons, I find this Court has subject-matter jurisdiction over the entire action.

A District Court's subject-matter jurisdiction to hear interpleader actions is based on diversity of citizenship between the claimants as set forth in section 1335:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation . . . having in his or its custody or possession money or property of the value of $500 or more, . . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . ; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court . . . .
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335. "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). In CNA Ins. Co. v. Waters, 926 F.2d 247, 250 (3d Cir.

---

U.S. 348 (1890), meaning that state is "his true, fixed and permanent home and establishment, and to which he has the intention of returning whenever he is absent therefrom." Johnson v. Rocke, Civ. A. No. 08-2652, 2008 WL 4524771, at *1 (E.D. Pa. Oct. 7, 2008) (citations omitted).

[3] Plaintiff inexplicably does not assert a basis for jurisdiction over Count II, the declaratory judgment action. However, because I find this Court has jurisdiction over Count I as discussed infra and the declaratory judgment claim is "so related to" that interpleader action so as to "form part of the same case or controversy," this Court may exercise its supplemental jurisdiction over Count II. See 28 U.S.C. § 1367.

2

1991), the Court of Appeals found that the plaintiff met the diversity requirement when it alleged that one claimant was a citizen of Delaware and that the remainder of the claimants were citizens of Pennsylvania. The Court stated, "statutory interpleader requires only minimal diversity (at least two claimants must be diverse, but citizenship of stakeholder is irrelevant)." Id. at 250 n.5 (citing Tashire, 386 U.S. at 530-31).

Here, the monetary requirement has been met as Domus deposited a total of $768,674.00 into the registry of the Court on June 1, 2010. With respect to the diversity requirement, most of the claimants are alleged to be citizens of Pennsylvania.[4] However, one defendant, Ira Davis, is alleged to be a citizen of Florida. Susquehanna does not dispute this allegation. Thus, I find the minimal diversity requirement has been met.

In addition to the monetary and diversity requirements, the interpleader statute requires that "two or more adverse claimants . . . are claiming or may claim to be entitled to such money." 28 U.S.C. § 1335(a)(1). Susquehanna argues that I may not consider the individual shareholders of DGC–such as Davis–as defendants for diversity purposes because DGC itself is named as a defendant. Susquehanna presumes that because DGC is named as a defendant that the individual shareholders are not claiming and may not make claims to the fund. Accordingly, by this line of reasoning, if Davis has no claim or potential claim to the funds, he is not "adverse" to the other claimants. I disagree.

It is a well-established principle that "jurisdiction in interpleader is not dependent upon the merits of the claims of the parties interpleaded, and a plaintiff can maintain the action even

---

[4] The Internal Revenue Service, also named as a claimant, is an agency of the federal government and is not a resident of any State. See 28 U.S.C. § 1332; Commercial Union Ins. Co. v. United States, 999 F.2d 581, 584 (D.C. Cir. 1993).

though he believes that one of the claims is valid and the other, or others, without merit." Bierman v. Marcus, 246 F.2d 200, 202 (3d Cir. 1957) (citations omitted); see also 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1706 (West 2001) ("In order to achieve the important benefits of securing a prompt and inclusive determination in a single action of the rights of all the parties claiming an interest in the stake, courts should not hesitate to allow interpleader even when prospective claims are involved."). I find Davis was an adverse claimant at the time the action was brought[5] based on the following allegations found in plaintiff's second amended complaint. Davis is the majority owner of DGC. Second Am. Compl. ¶¶ 8, 54-55. Plaintiff named all of the shareholders of DGC as defendants. Id. at ¶¶ 8-12. Some of the claimants called on plaintiff to settle their claims out of the fund and plaintiff demanded DGC resolve the competing claims. Id. at ¶¶ 44-45. Rather than resolving the claims, a conflict over the funds arose as "the owners of DGC have advocated differing views on how the Fund should be disbursed." Id. at ¶ 47. Davis is one of the "purported creditors of Defendant DGC who have made, or upon information and belief may make, claims to the Fund." Id. at ¶ 39. To complicate matters further, the arbitration was not authorized by DGC and "Davis's attorney . . . contends that Klehr was not authorized to bring that action and thus is not authorized to collect DGC's award." Id. at ¶ 57. These allegations make clear that plaintiff had "some real and reasonable

---

[5] "In diversity cases, "the [jurisdictional] inquiry is determined by the condition of the parties at the commencement of the suit." Anderson v. Watt, 138 U.S. 694, 702-703 (1891). This principle applies equally to the determination of whether a defendant in a statutory interpleader action claims or may have a claim to all or a portion of the interpled funds. See Lincoln General Ins. Co. v. State Farm Mut. Auto. Ins. Co., 425 F. Supp. 2d 738, 742 (E.D. Va. 2006) (citing Dole Food Co. v. Patrickson, 538 U.S. 468, 478 (2003); Porsche Cars North America Inc. v. Porsche.Net, 302 F.3d 248, 255 (4th Cir. 2002) (holding that the conditions that create subject matter jurisdiction, such as the parties' diversity of citizenship or the amount in controversy, "need not survive through the life of the litigation.")).

fear of exposure to double liability" at the time the action was brought even if any claims made by Davis are eventually found to be without merit. Bierman, 246 F.2d at 202.

Finally, at oral argument Susquehanna implied this Court lacked jurisdiction over Count III (Confirmation of Arbitration Award) of the complaint because the two parties to the arbitration were not diverse. However, the parties to the arbitration need not be diverse in order for this Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As this Court has original jurisdiction over the interpleader action and the confirmation claim is "so related to" that claim so as to "form part of the same case or controversy," this Court may exercise its supplemental jurisdiction over the claim to confirm the arbitration award. Id.[6]

An appropriate Order follows.

---

[6] Additionally, this Court may also have original jurisdiction to confirm the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 if no other Court was specified in the parties' arbitration agreement because the award was made in this district.